**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0807-15T3

IN THE MATTER OF CINDY NORCROSS,
WINSLOW TOWNSHIP, DEPARTMENT OF
PUBLIC SAFETY.

_____

Submitted February 14, 2017 — Decided July 17, 2017

Before Judges Rothstadt and Sumners.

On appeal from New Jersey Civil Service Commission, Docket No. 2014-2525.

Matthew S. Wolfe, attorney for appellant (Marisa J. Hermanovich, on the brief).

Platt & Riso, P.C., attorneys for respondent Winslow Township (Eric J. Riso, on the brief).

Christopher S. Porrino, Attorney General, attorney for respondent Civil Service Commission (Brian M. Kerr, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Cindy Norcross appeals from a September 2, 2015 final decision of the Civil Service Commission (Commission), adopting the initial decision of an Administrative Law Judge (ALJ) upholding a Winslow Township, Department of Public Safety, lay-off plan eliminating her position of Public Safety Telecomunicator.  Having reviewed

the record, we affirm, substantially for the reasons stated in the Initial Decision, as adopted by the Commission. We add these comments.

In brief summary, on January 17, 2014, the Commission approved the Township's lay-off plan to eliminate its police dispatch operations and staff positions because the dispatch responsibilities would be taken over by the Camden County Communication Center at no cost and a savings of approximately $570,000 to the Township for the 2014 fiscal year and substantial savings thereafter. The Commission determined that the plan was in substantial compliance with N.J.A.C. 4A:8-1.14.

Norcross appealed her lay-off, contending, in pertinent part, that the Township failed "to ensure that the employees getting laid off would secure a position with [Camden] County, [which] is in fact hiring to fill the positions being transferred[,]" or in the alternative, she is entitled to be transferred to another Township position based upon her seventeen-years of seniority. The ALJ granted summary decision to the Township dismissing the appeal. The ALJ found there were no issues of material facts that prevented a determination of whether the Township's lay-off plan was a good faith elimination of the dispatcher services of the police department for reasons of economy and efficiency in accordance with N.J.S.A. 11A:8-1; N.J.A.C. 4A:8-1.1(a). The ALJ

2                                                          A-0807-15T3

found that Norcross proffered no facts demonstrating that the Township acted in bad faith when it eliminated its police dispatch operations and staff positions at a significant cost savings. There was also no support for her allegation that the approved lay-off plan was based on factual inaccuracies. As for Norcross' claim that there were hirings and promotions after the plan was implemented, the ALJ found that there was no demonstration of "bad faith, only reorganization of municipal personnel." Moreover, there was no indication that after her position was eliminated, she was denied a position for which she was entitled, due to inappropriate reasons. The Commission agreed.

Having reviewed the record in light of the applicable legal standards, we find no basis to disturb the Commission's decision. The ALJ's factual findings, which the Commission adopted, are supported by substantial credible evidence. See In re Stallworth, 208 N.J. 182, 194 (2011); R. 2:11-3(e)(1)(D). We conclude that the Commission has followed the law in deciding this matter summarily, and its action was not arbitrary, capricious, or unreasonable. See In re Herrmann, 192 N.J. 19, 27-28 (2007). Further, Norcross' arguments as without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

3

A-0807-15T3